```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

RAQUEL RUSSO,

     Plaintiff,
                                        Civil No. 07-2082 (JAF)
     v.

MUNICIPALITY OF CABO ROJO;
PERSA RODRIGUEZ, Mayor of Cabo
Rojo; UNITED STATES OF AMERICA
(U.S. Coast Guard); JOHN DOE;
INSURANCE COMPANY X,Y,Z,

     Defendants.
```

**OPINION AND ORDER**

Plaintiff, Raquel Russo, brings this action against Defendants, the Municipality of Cabo Rojo ("Cabo Rojo"), Cabo Rojo Mayor Persa Rodríguez, unidentified defendant John Doe, and unidentified Insurance Company XYZ in diversity jurisdiction, under 31 L.P.R.A. § 5141 (1990), and against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Docket No. 16. The United States moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Docket No. 26; Plaintiff opposes, Docket No. 27; the United States replies, Docket No. 30.

**I.**

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiff's amended complaint. Docket No. 16. In considering a motion to dismiss, we take

Plaintiff's allegations as true and make all reasonable inferences in her favor. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 36 (1st Cir. 2001).

Plaintiff visited the lighthouse "Faro de los Morrillos," in Cabo Rojo, Puerto Rico, on December 7, 2006, as part of a guided tour led by an employee of Cabo Rojo. The United States Coast Guard ("USCG"), an instrumentality of the United States, owns the lighthouse. The USCG has leased the lighthouse to Cabo Rojo under terms which require the municipality to maintain the premises, indemnify the United States against damages, and maintain casualty and liability insurance. Cabo Rojo operates and administers the premises.

The groundskeeper of the premises met Plaintiff upon her arrival and proceeded to conduct a visit of the building. The groundskeeper invited Plaintiff to see a partially subterranean coal bunker that once held fuel for the lighthouse flame. As the groundskeeper opened the door to the bunker, he instructed Plaintiff to enter and turn on the light switch. Unable to see in the darkness, Plaintiff fell down a spiral stairwell that lacked a handrail. She suffered severe injuries which required emergency treatment at a hospital and subsequent surgery and rehabilitation. Neither the tour guide nor the groundskeeper cautioned Plaintiff of the conditions within the bunker, and no warnings were posted outside.

Plaintiff filed this action on November 13, 2007, Docket No. 1. The United States moved to dismiss on November 3, 2008, Docket No. 26; Plaintiff opposed on November 18, 2008, Docket No. 27; the United States replied on December 5, 2008, Docket No. 30.

## II.

## Sua-Sponte Dismissal under Rule 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a federal district court has an independent obligation to review its subject-matter jurisdiction over all cases. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3). In making this determination, the court may resolve predicate facts for its jurisdiction by ordering discovery and considering evidence extrinsic to the complaint. Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003).

We may order dismissal sua sponte if it is evident that we lack power to decide a case. See Arbaugh, 546 U.S. at 514. While prior notice to the plaintiff is ordinarily required to permit the plaintiff to correct her error, no notice is necessary "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." González-González v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

### III.

### Analysis

We dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) due to (1) Plaintiff's failure to allege tortious conduct or omission by any particular federal personnel; (2) the FTCA's exclusion of independent contractors; and (3) the FTCA's discretionary function exception. As we dismiss under Rule 12(b)(1), we need not address the United States' motion under Rule 12(b)(6).

**A.  Federal Tort Claims Act**

The FTCA authorizes actions in tort against the United States Government. 28 U.S.C. § 2674. The subject-matter jurisdiction of federal district courts over FTCA claims is predicated on a statutory waiver of sovereign immunity. Id. § 1346(b)(1). This waiver is explicitly limited to:

> [P]ersonal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id. The FTCA defines government employees to include officers or employees of federal agencies, military personnel, and persons acting on behalf of a federal agency in an official capacity. 28 U.S.C. § 2671. As a rule, "[e]xceptions to immunity contained in the FTCA must be strictly construed in favor of the United States." Fina Air

Inc. v. United States, 555 F. Supp. 2d 321, 324-25 (D.P.R. 2008) (citing Lehman v. Nakshian, 453 U.S. 156, 160 (1981)); accord United States v. Mitchell, 445 U.S. 535, 538 (1980).

### 1. **Liability for Acts Attributable to Individual Actors**

Several circuits have held that no action may lie against the United States under the FTCA for a generalized breach of state-law duty without reference to specific actors employed by the United States. Norman v. United States, 111 F.3d 356, 358 (3d Cir. 1997); Berkman v. United States, 957 F.2d 108, 113 (4th Cir. 1992); accord Cupit v. United States, 964 F. Supp. 1104, 1112 (W.D. La. 1997). These circuits have specifically rejected general premises liability at state law as a basis for liability under the FTCA. Norman, 111 F.3d at 358; Berkman, 957 F.2d at 113.

Although Plaintiff avers that the United States, through the agency of the USCG, owns the lighthouse, Plaintiff does not attribute her injuries to any officer or employee of the United States. Docket No. 1. As the scope of our jurisdiction is expressly limited to acts or omissions attributable to specific personnel, we lack adjudicatory power over this claim.

### 2. **Exclusion of Independent Contractors**

Even if we liberally construed Plaintiff's complaint to charge the United States with liability for the omission of the tour guide and groundskeeper, Plaintiff's claim would still fail. The jurisdictional definition of government employees under the FTCA

explicitly excludes independent contractors. 28 U.S.C. § 2671. The applicable test is whether the federal government supervises the day-to-day operations of a putative employee. Larsen v. Empresas El Yunque, Inc., 812 F.2d 14, 15 (1st Cir. 1986) (citing United States v. Orleans, 425 U.S. 807, 815 (1976)). Where a lease between the federal government and the contractor requires the lessee to maintain the premises to standards of repair and safety, indemnify the United States against any liability for damage arising from the occupancy or use of the premises, and maintain casualty and liability insurance, the lessee is deemed to be an independent contractor. Larsen, 812 F.2d at 16.

Plaintiff alleges negligence of the tour guide and groundskeeper, both employees of Cabo Rojo, in failing to warn Plaintiff of the latent defect inside the coal bunker, and of Cabo Rojo and Defendant Rodríguez in failing to post warnings or ameliorate the hazard. Docket No. 1. There is no indication that the United States government oversees the daily activities of Cabo Rojo, its mayor, or their employees at the lighthouse. See id.; cf. Larsen, 812 F.2d at 15. Furthermore, the lease between the USCG and Cabo Rojo expressly requires the municipality to maintain the premises, indemnify the United States against damages, and maintain casualty and liability insurance. Docket No. 26-2. Cabo Rojo is, therefore, an independent contractor under the FTCA, see Larsen, 812 F.2d at 16,

and we lack the jurisdiction to hear Plaintiff's claim against the United States, 28 U.S.C. §§ 1346(b)(1), 2671.

### 3. Discretionary Function Exception

Lastly, even if Plaintiff were to amend her complaint to allege tortious conduct by some USCG employee, her claim would still fail. The FTCA includes a broad exception for "discretionary functions" from its waiver of sovereign immunity. 28 U.S.C. § 2680(a). Where the allegedly tortious conduct or omission falls within this exception, no action may lie against the United States. Berkovitz v. United States, 486 U.S. 531, 535 (1988). To determine whether the exception applies, we "must first consider whether the action is a matter of choice for the acting employee." Id. at 536. If there is an applicable federal statute, regulation, or policy on point, the exception cannot apply as it forecloses official discretion. Id. Without specific statutory or regulatory guidance, the decision of a federal agency to lease federal property qualifies for the exception. See Bear Med. v. United States, 241 F.3d 1208, 1214 (9th Cir. 2001). The exception does not apply, however, if the government expressly undertakes an applicable obligation under the lease. Id. at 1215.

The USCG leased the lighthouse to Cabo Rojo for historical, educational, and environmental purposes for thirty years in 1986. Docket No. 26. None of these functions are part of the core mission of the USCG, which is maritime policing, search and rescue, and aid to navigation. See 6 U.S.C. § 468 (defining core USCG missions that

are to be preserved after its transfer to Department of Homeland Security). We also find no statute or regulation prescribing the manner in which the USCG should lease its properties to local governments for educational purposes. Therefore, the lease between the USCG and Cabo Rojo constituted a discretionary function of an United States agency. See Berkovitz, 486 U.S. at 536. Furthermore, the contract provides that Cabo Rojo, not the USCG, would assume all responsibility for liability from its operation as a museum, Docket No. 26-2; hence, there is no basis for jurisdiction under the lease itself. Accordingly, we cannot entertain Plaintiff's claim against the United States arising from the operation of USCG property as a tourist destination.

**B.    Unknown Defendants**

Plaintiff had 120 days from the filing of her complaint to substitute unknown defendants John Doe and Insurance Company XYZ with actual defendants, unless Plaintiff provided good cause for an extension. See Fed. R. Civ. P. 4(m). This date passed on March 12, 2008. Plaintiff has had ample time to amend her complaint and serve process on proper defendants, but has failed to do so without showing good cause. We, therefore, dismiss both unknown Defendants.

**IV.**

**Conclusion**

For the aforementioned reasons, we hereby **DISMISS**, sua sponte, Plaintiff's claim under the FTCA and all claims against unknown

Defendants John Doe and Insurance Company XYZ **WITH PREJUDICE**. Plaintiff's diversity-jurisdiction claims under Commonwealth law against Defendants Cabo Rojo and Rodríguez remain.  We hereby **DENY** as **MOOT** the United States' motion to dismiss, Docket No. 26.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of January, 2009.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge